IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

PENNSYLVANIA OFFICE OF
CONSUMER ADVOCATE,

          *Petitioner*,

v.

FEDERAL ENERGY REGULATORY
COMMISSION,

          *Respondent*.

Case No. 25-1270

**MOTION FOR LEAVE TO INTERVENE OF
CONSTELLATION ENERGY CORPORATION AND
CONSTELLATION ENERGY GENERATION, LLC**

Pursuant to Rules 15(d) and 27 of the Federal Rules of Appellate Procedure and Rule 15(b) of the Circuit Rules for the U.S. Court of Appeals for the District of Columbia Circuit, Constellation Energy Corporation and Constellation Energy Generation, LLC (together, "Constellation") respectfully move for leave to intervene in the above-captioned proceeding.

On July 23, 2025, pursuant to Federal Power Act section 203 (16 U.S.C. § 824b), Constellation received conditional approval from the Federal Energy Regulatory Commission ("Commission") of its acquisition of Calpine Corporation and its public utility subsidiaries (collectively, "Calpine"). *See Constellation Energy Corp.*, Docket No. EC25-43-000, Order Conditionally Authorizing Merger and as a

Disposition of Jurisdictional Facilities, 192 FERC ¶ 61,074 (July 23, 2025). The Commission issued an order denying rehearing of the same on September 22, 2025. *See Constellation Energy Corp.*, Docket No. EC25-43-001, Notice of Denial of Rehearing by Operation of Law and Providing for Further Consideration, 192 FERC ¶ 62,183 (Sept. 22, 2025). On November 20, 2025, the Pennsylvania Office of the Consumer Advocate petitioned for review of the Commission's two orders in this proceeding.

Constellation moves to intervene in this case to protect its interests in the Commission's conditional approval of its acquisition of Calpine. Federal Power Act section 203 requires that the Commission approve Constellation's acquisition of Calpine.[1] Constellation and Calpine accordingly applied to the Commission for authorization to complete the transaction, and Constellation participated fully before the Commission. Constellation, as the acquiring party, has a direct and substantial interest in the Commission's approval of the acquisition at issue in this proceeding,

---

[1] Federal Rule of Appellate Procedure 15(d) requires a "concise statement of the interest of the moving party and the grounds for intervention." Fed. R. App. P. 15(d). In considering appellate intervention, courts may also consider factors relevant to intervention in the district court pursuant to Rule 24 of the Federal Rules of Civil Procedure. *E.g.*, *Cameron v. EMW Women's Surgical Ctr., P.S.C.*, 595 U.S. 267, 276-77 (2022). Those factors include (1) an "interest relating to the property or transaction that is the subject of the action"; (2) whether the movant is "so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest"; (3) whether "existing parties adequately represent that interest"; and (4) whether the motion is timely filed. Fed. R. Civ. P. 24(a)(2); *see, e.g.*, *Old Dominion Elec. Coop. v. FERC*, 892 F.3d 1223, 1233 (D.C. Cir. 2018).

and that interest could be impaired by the proceeding if Constellation is not allowed to intervene. No other party can adequately represent Constellation's interests in this proceeding.

This motion is also timely. The Petition for Review was filed on November 20, 2025. This motion is being filed within 30 days of the petition for review. *See* Fed. R. App. P. 15(d).

For the foregoing reasons, Constellation respectfully moves the Court for leave to intervene in this proceeding, with the right to participate fully in all aspects of the proceeding.

Dated: December 5, 2025                                     Respectfully submitted,

/s/ Zachary C. Schauf
Zachary C. Schauf
Zachary B. Cohen
JENNER & BLOCK LLP
1099 New York Ave., NW, Suite 900
Washington, DC 20001
(202) 639-6000
zschauf@jenner.com

*Counsel for Constellation Energy Corp. & Constellation Energy Generation, LLC*

IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| PENNSYLVANIA OFFICE OF CONSUMER ADVOCATE,<br><br>*Petitioner*,<br><br>v.<br><br>FEDERAL ENERGY REGULATORY COMMISSION,<br><br>*Respondent*. | Case No. 25-1270 |

### CORPORATE DISCLOSURE STATEMENT OF CONSTELLATION ENERGY GENERATION, LLC

Pursuant to Rule 26.1 of the Federal Rules of Appellate Procedure and Rules 15(c)(6) and 26.1 of the Circuit Rules of this Court, Constellation Energy Corporation and Constellation Energy Generation, LLC (together, "Constellation") submit the following corporate disclosure statement:

Constellation is one of the largest competitive power generators in the country and currently owns approximately 32,000 MW of generating capacity throughout the United States. Constellation Energy Generation, LLC is a wholly owned subsidiary of Constellation Energy Corporation. Constellation Energy Corporation is a publicly traded corporation (NASDAQ: CEG) with no parent company. Based on public information, the Vanguard Group, Inc. ("Vanguard") owns approximately

more than 10% of Constellation Energy Corporation's common stock. Constellation has no knowledge as to the exact amount of outstanding shares of Constellation Energy Corporation that Vanguard currently holds as of the date of this filing and, to the best of its knowledge, no other entity owns more than 10% of the common shares of Constellation Energy Corporation.

/s/ Zachary C. Schauf
Zachary C. Schauf
Zachary B. Cohen
JENNER & BLOCK LLP
1099 New York Ave., NW, Suite 900
Washington, DC 20001
(202) 639-6000
zschauf@jenner.com

*Counsel for Constellation Energy Corp. & Constellation Energy Generation, LLC*

## **CERTIFICATE OF COMPLIANCE**

Pursuant to Federal Rule of Appellate Procedure 32(g), the undersigned certifies:

1. This document complies with the word limit in Fed. R. App. P. 27(d)(2)(A) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), it contains 497 words.

2. This document complies with the typeface requirements of Fed. R. App. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface in 14-point Times New Roman font.

Dated: December 5, 2025                    /s/ Zachary C. Schauf
                                           Zachary C. Schauf

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing Motion for Leave to Intervene was served on all parties in Case No. 25-1270 on December 5, 2025, via the Court's CM/ECF system, which sends automatic notification to counsel of record via email.

/s/ Zachary C. Schauf
Zachary C. Schauf